

Opinions of the United
States Court of Appeals
for the Third Circuit

4-30-2004

# USA v. Ricks

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-2246

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. Ricks" (2004). *2004 Decisions.* Paper 764.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/764

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 02-2246

UNITED STATES OF AMERICA

v.

MARC RICKS,

Appellant

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. No. 00-00024-4)
Honorable Ronald L. Buckwalter, District Judge

Argued April 22, 2004

BEFORE: SCIRICA, Chief Judge, and ROSENN and GREENBERG, Circuit Judges

(Filed: April 30, 2004)

Elaine DeMasse (argued)
Assistant Federal Defender
Senior Appellate Counsel
Jonathan D. Libby
Research & Writing Specialist
David L. McColgin
Supervising Appellate Attorney
Maureen Kearney Rowley
Chief Federal Defender
Federal Court Division
Defender Association of Philadelphia
Suite 540 West - Curtis Center

Independence Square West
Philadelphia, Pa. 19106

Attorneys for Appellant

Patrick L. Meehan
United States Attorney
Laurie Magid
Deputy U.S. Attorney
for Policy and Appeals
Robert A. Zauzmer
Assistant U.S. Attorney
Senior Appellate Counsel
David E. Troyer (argued)
Assistant U.S. Attorney
615 Chestnut Street - Suite 1250
Philadelphia , Pa. 19106

Attorneys for Appellee

---

OPINION OF THE COURT

---

GREENBERG, Circuit Judge.

This matter comes on before this court on appeal from a judgment of conviction and sentence entered on May 1, 2002, following appellant Marc Ricks's plea of guilty to a superseding indictment charging him with conspiracy to distribute and to possess with intent to distribute more than 50 grams of crack cocaine base and more than 100 grams of heroin, cocaine, marijuana, and phencyclidine, within 1000 feet of a public housing project. Ricks entered his plea without making an agreement with respect to sentence, though he reserved to the court the determination of the amount of drugs attributable to

him. The amount was important as his offense level under the Sentencing Guidelines in part depended on the quantities of drugs involved.

Following the entry of the plea the probation department prepared a presentence investigation report which specified, <u>inter alia</u>, the quantity of drugs attributable to Ricks. Thereafter the court conducted a trial-type hearing on November 8, 2001, to determine the drug quantities attributable to Ricks as well as to certain other defendants including his brother Michael Ricks. Several witnesses, including the FBI case agent on this prosecution, Clifford F. Fiedler, testified at the hearing. Fiedler had prepared analyses of numerous recordings of intercepted telephone calls which were available to the court at the hearing. In his testimony Fiedler set forth his conclusions with respect to drug quantities.

Following the completion of Fiedler's direct testimony, Ricks's attorney cross-examined him. Subsequently, after a recess, the court indicated that other witnesses should testify next but Fiedler could be recalled if necessary. At that time the only attorneys who commented were Ricks's attorney, who said "yes, sir," and the prosecutor, who said "Okay." App. at 234. In fact, Fiedler never was recalled as a witness and neither Ricks nor any of the other defendants requested Fiedler's recall at the hearing. At the end of the day on November 8, 2001, the court directed the parties to make written submissions to it with respect to drug amounts.

The government on December 14, 2001, filed its memorandum making its

contentions as to the drug amounts attributable to Ricks as well as the other defendants. Ricks filed his response to the government's memorandum on January 30, 2002. Significantly, Ricks did not contend in his memorandum that Fiedler should have been recalled for additional cross-examination and he did not request in the memorandum that Fiedler be recalled before the court made its findings.[1]

On February 15, 2002, the court filed its memorandum opinion making its findings detailing the drug amounts attributable to Ricks and the other defendants. In particular, the court attributed at least 2000 grams of crack cocaine and at least 3000 grams of powder cocaine to Ricks. In reaching its conclusions the court relied in part on Ricks's own testimony and also relied on Fiedler's testimony and that of other defendants and explained that it had read transcripts of tapes of intercepted telephone calls. It appears that Ricks at no time during the period from after the close of the November 8, 2001 hearing and the court making its determination on February 15, 2002, sought Fiedler's recall for further cross-examination. In fact, in his brief Ricks indicates that he preserved the issue he now advances on appeal with respect to the limitation of Fiedler's cross-examination in his sentencing memorandum which he filed on April 25, 2002, after the court made its February 15, 2002 determinations, and at the sentencing hearing itself, appellant's br. at 2, and his reply brief likewise makes clear that those were the only times that Ricks sought to have Fiedler recalled. Reply br. at 1, 5.

---

[1]Insofar as we are aware none of the defendants requested that the court recall Fiedler.

The court ultimately determined that Ricks's total offense level was 36 which, when combined with his criminal history category of I, yielded a sentencing range of 188 to 235 months. The court sentenced Ricks to a custodial term of 188 months to be followed by a five-year term of supervised release. In addition the court made a $100 special assessment.

Ricks filed a timely appeal raising the following issues:

I. Whether [he] was deprived of his Fifth Amendment right to due process and his Sixth Amendment right to counsel when the district court precluded counsel from conducting a full cross-examination of the agent who determined the quantity and type of drugs the government alleged should be attributed to [him], thus preventing a meaningful opportunity to challenge whether the information was reliable or the drug attribution accurate.

II. Whether the district court erred when it held [him] accountable for drug amounts attributed to his brother without conducting a sufficient searching and individualized assessment of [his] involvement in the conspiracy and the scope of the jointly-undertaken criminal activity in which he agree to engage.

III. Whether [he] is entitled to a new sentencing hearing because the district court failed to satisfy its affirmative duty under Fed. R. Crim. P. 32(c)(3)(A) to verify, before imposing sentence, that [he] had read the presentence investigation report and discussed it with his counsel.

Appellant's br. at 2-3.

The district court had jurisdiction under 18 U.S.C. § 3231 and we have jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291.

We deal with Ricks's contentions in the order that he has listed them. Ricks's contention with respect to curtailment of his right of cross-examination potentially could

5

implicate constitutional issues under the Fifth and Sixth Amendments. While it is true that Fiedler's report and the transcript of the calls were available to the court, still Fiedler's testimony was important. Moreover, we recognize the significance of the right of cross-examination. See, e.g., Crawford v. Washington, 124 S.Ct. 1354 (2004). Nevertheless, we also are aware that a district court has discretion to control the order of proceedings and cross-examination and thus the court's reasonable discretionary action in interrupting Fiedler's testimony was unassailable. See United States v. Werme, 939 F.3d 108, 117 (3d Cir. 1991).

The real issue here relates to the circumstance that Fiedler never was recalled. In the end the controlling consideration here is that Ricks at no time between when the court excused Fiedler as a witness at the hearing on November 8, 2001, indicating that "if we need to recall him we'll do it at a later time," app. at 234, and the court filing its memorandum on February 15, 2002, requested that Fiedler be recalled for additional cross-examination. Indeed at the close of the hearing on November 8, 2001, when, after the last witness testified, the court asked if there was any other testimony, it received no response. It then reasonably said that "seeing none, the record will be closed as far as testimony is concerned." App. at 373. Moreover when the court then asked if there was "anything else we want to put on the record before we adjourn, counsel?" none of the attorneys requested that Fiedler be recalled. App. at 375.

We believe that if Ricks wanted Fiedler to be recalled he should have said so at the

6

end of the hearing on November 8, 2001. Accordingly, we can review the court's action, perhaps more properly styled the court's inaction, in not recalling Fiedler only on a plain error basis. See United States v. Olano, 507 U.S. 725, 734-35, 113 S.Ct. 1770, 1777-78 (1993). We are convinced that the court did not err in not recalling him inasmuch as none of the defendants requested that he be recalled prior to the court making its determination on drug quantities attributable to the individual defendants and the court had, without further cross-examination of Fiedler, sufficient information relating to the quantity of drugs on which to predicate its decision. Overall we do not see why we should view the matter as any different than a situation in which a party does not cross-examine an adverse witness at all or cross-examines him only briefly. In short, when the court made its February 15, 2002 ruling it had no reason to believe that Ricks was not satisfied with the scope of Fiedler's cross examination and, as the court itself apparently saw no need for further questioning, there was no reason to recall him. Ricks sought to have Fiedler recalled only after the court's February 15 decision disappointed him. By then, however, it was too late for he knew when the court called for written submissions with respect to drug amounts that it would determine the quantities attributable to the individual defendants on the basis of the record already made.

We recognize that Ricks explains his failure to seek Fiedler's recall on the theory that he understood that the court's use of Fiedler's testimony would be limited and thus Ricks had no need to recall him. Nevertheless, though it is true that the court indicated

7

that it would have to examine additional evidence before reaching its result, it did not say that it would not rely on all the evidence before it in drawing its conclusions. Thus, we do not regard the proceedings as unfair.

Ricks's next contention is that the court erred in its determination of the quantities of drugs attributable to him. Inasmuch as our review of this issue depends on factual findings we consider this issue on a clear error standard. See United States v. Gibbs, 190 F.2d 188, 197, 203 (3d Cir. 1999). We have considered the materials presented on this issue and will reject Ricks's contention as we find no clear error or error at all in the court's disposition.

Ricks's final contention is that he is entitled to be resentenced because the district court did not verify, as required by Fed. R. Crim. P. 32(c)(3)(A), before imposing sentence that he had read the presentence report and discussed it with his attorney. Yet he acknowledges that his attorney filed objections to the report. We will not linger on this point for, as Ricks recognizes, see appellant's br. at 51, we have "held that plain error review applies [to his contention,] that a defendant must show prejudice from such an error [,and] [i]n this case . . . appellant acknowledges that there is no basis in the record for alleging such prejudice." See United States v. Stevens, 223 F.3d 239, 246 (3d Cir. 2000). Thus, he makes the argument because he wants this court to adopt the position of the Court of Appeals for the Sixth Circuit which would require a resentencing in the circumstances here even in the absence of a showing of prejudice. See United States v.

8

<u>Osborne</u>, 291 F.3d 908, 910-11 (6th Cir. 2002).  This panel, of course, is bound to follow

<u>Stevens</u> and accordingly we reject Ricks's contention on this point.

The judgment of conviction and sentence entered May 1, 2002, will be affirmed.